IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LINDA P. KNIGHT**                                                                                            **PLAINTIFF**

**V.**                                                                          **CIVIL ACTION NO.: 4:21-CV-152-JMV**

**COMMISSIONER OF SOCIAL**
**SECURITY**                                                                                            **DEFENDANT**

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the court on what the court construes as a request for post-judgment relief under Fed. R. Civ. P. 59(e). *See* ECF Doc. 30. For the reasons discussed below, the motion is denied.

A motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) represents a request for "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem lnc.*, 367 F.3d 473, 479 (5th Cir. 2004). A court will grant a timely motion to alter or amend a judgment: "(l) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Group. lnc.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *SEC v. Life Partners Holdings, lnc*., 854 F.3d 765, 775 (5th Cir. 2017).

As outlined by Plaintiff and the Commissioner, Plaintiff presents the following arguments for reconsideration: (1) the agency did not properly classify her past work, Plaintiff's Objections at 1-2, 8; (2) the administrative law judge (ALJ) did not properly consider the extent of her hearing loss, and this Court erred by finding otherwise, Plaintiff's Objections at 2, 4-5, 9; (3) this Court

failed to address her complaints about the agency's alleged delayed delivery of her requested claim file, Plaintiff's Objections at 2-3; (4) the Appeals Council erred by not accepting review based on her submission of additional evidence, Plaintiff's Objections at 3; (5) the ALJ failed to adequately develop the record, Plaintiff's Objections at 6; (6) the ALJ ended by declining to accept her testimony regarding upper extremity limitations, Plaintiff's Objections at 7-8; and (7) the ALJ erred in considering the impact of her musculoskeletal impairments, particularly osteoarthritis, Plaintiff's Objections at 8-9.

None of Plaintiff's post-judgment arguments establish a basis for relief under Fed. R. Civ. P. 59(e). *Demahy*, 702 F.3d at 182. Most of these arguments simply reiterate issues and arguments addressed in Plaintiff's original brief to this Court. *See* ECF Doc. 19 at 5-8, 10-13 (hearing loss); 3, 11, 13 (claim file delays); l-3, 7-8, 11-13 (additional evidence); 4-6, 10 (upper extremities); and 6, l0 (osteoarthritis). Plaintiff has not identified an intervening change in controlling law, pointed out the availability of newly-discovered evidence relevant to her claim, or identified a manifest error of law or fact by this Court. Thus, Plaintiff has provided insufficient grounds to justify the "extraordinary remedy" available in Rule 59(e), which the Fifth Circuit has cautioned "should be used sparingly." *Templet*, 367 F.3d at 479, 483. "Such motions serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468,473 (5th Cir. 1989) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 735 F.2d 1367 (7th Cir. 1984)).

Because Plaintiff's requested post-judgment relief has not been shown to be within the "narrow purpose" of Rule 59(e), it is not available under this rule. Accordingly, the motion for post-judgment relief [30] is **DENIED**.

**SO ORDERED** this the 23rd day of August, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**