IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LINDA P. KNIGHT**     **PLAINTIFF**

**V.**     **CIVIL ACTION NO.: 4:21-CV-152-JMV**

**COMMISSIONER OF SOCIAL
SECURITY**     **DEFENDANT**

## AMENDED ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the court on what the court construes as a request for post-judgment relief under Fed. R. Civ. P. 59(e). *See* [30]. On August 23, 2022, the undersigned entered an order denying Ms. Knight's request for reconsideration [32]. Thereafter, on August 25, 2022, Ms. Knight's reply [33] was received and docketed by the clerk's office. The undersigned deems Ms. Knight's reply timely filed.

Plaintiff's requested post-judgment relief has not been shown to be within the "narrow purpose" of Rule 59(e). She has not identified an intervening change in controlling law, pointed out the availability of newly discovered evidence relevant to her claim, or identified a manifest error of law or fact by this Court. However, in her motion for reconsideration [30] and reply in support [33], Ms. Knight argues that her past work was misclassified. She argues that the impartial vocational expert identified her past work as a court clerk (DOT 243.362-010), while her past work should actually have been identified as a clerk (DOT 209.562-010). The Commissioner points out in her response in opposition [31] that this issue was not raised previously.

Because the issue was not raised previously, the Fifth Circuit has made clear that if the undersigned were to consider Plaintiff's argument here, it would be reweighing the evidence, which it is not permitted to do. *Jones v. Saul*, 834 F. App'x 839, 842 (5th Cir. 2020). In *Jones v.*

*Saul*, the plaintiff made a similar argument on appeal, and the Fifth Circuit reasoned that it was the plaintiff's obligation to raise this objection to the vocational expert's classification of his past relevant work at the administrative hearing. *Id.*; *see also, Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990); *see also Leggett v. Chater*, 67 F.3d 558, 566 ("The ALJ's duty to investigate . . . does not extend to possible disabilities that are not alleged by the claimant or to those disabilities that are not clearly indicated on the record."). Similar to the plaintiff in Jones, neither Ms. Knight nor her representative raised the issue of the improper classification at the administrative hearing.

At the hearing on March 9, 2021, Ms. Knight testified that she was a deputy justice court clerk for the Washington County Board of Supervisors. Tr. [14] at 76. On her work history report, Plaintiff described the job as follows: "typed 80 cases in computer a day and schedule them for Court, print out the summons to be served by the Constable, when Constable serve [sic] them, place served copied [sic] in jacket so the Judge would know they have been notified for Court. Answered incoming calls." Tr. [14] at 224.

When classifying the Plaintiff's work, the impartial vocational expert stated that Plaintiff's work was that of a court clerk, DOT code 243.362-010. Tr. [14] at 86. The vocational expert answered several hypotheticals, and the ALJ gave Ms. Knight's representative an opportunity to question the expert, to which the representative responded, "[a]ctually we have no questions of the vocational expert, Your Honor." Tr. [14] at 89. In the ALJ's decision, he adopted the impartial vocational expert's findings that identified Plaintiff's past work as a court clerk, SVP 6, sedentary work; and receptionist, SVP 4, sedentary work. Tr. [14] at 48. He also found that "In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant was able to perform it as actually and generally performed." Tr. [14] at 48.

The undersigned is unable to find that the vocational expert's testimony is inherently unreliable or in conflict with the DOT. Although Ms. Knight asserts that her past work should have been classified as a court clerk, she has failed to show that this issue constitutes reversible error for the reasons explained herein. Here, the ALJ could properly rely on the VE's opinion that Ms. Knight is able to perform the duties of a court clerk as that job is generally performed in the national economy because the VE's description of that job did not conflict with the DOT, nor did it conflict with Ms. Knight's work history form at Exhibit 5E. *See Bailey v. Saul*, 853 F. App'x 934, 938 (5th Cir. 2021).

The Fifth Circuit held in *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2000), that "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error." Thus, having considered the motion and the reply, the undersigned finds that the motion should be and is hereby **DENIED**.

**SO ORDERED** this the 30th day of August, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**